UNITED STATES of America,
Appellee,

v.

Michael C. RUOTOLO, Defendant–
Appellant.

Docket No. 99–1088.

United States Court of Appeals,
Second Circuit.

April 10, 2001.

Robert E. Nicholson, Brooklyn, NY, for appellant.

Jonathan Biran, Ass't U.S. Att'y, D. Conn., New Haven, CT, for appellee.

Present OAKES, KEARSE, and CABRANES, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Michael C. Ruotolo appeals from a judgment entered in the United States District Court for the District of Connecticut in January 1999, following a jury trial in 1996 before Dominic J. Squatrito, *Judge*, convicting him on three counts of income tax evasion, in violation of 26 U.S.C. § 7201, and sentencing him principally to three months' imprisonment; his sentence has been stayed pending this ap-

peal. On appeal, Ruotolo argues that his due process rights were violated because he was not granted a conference by the Criminal Investigation Division ("CID") of the Internal Revenue Service ("IRS"), and that the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence as to his mental state at the time of his failure to report substantial amounts of income. Finding no merit in these contentions, we affirm.

■ The district court found, *inter alia*, and the record confirms, that Ruotolo was afforded the opportunity to attend a CID conference and that he instead sought an indefinite postponement. The court properly concluded that the IRS's denial of his request for such a postponement did not violate his due process rights.

■ Nor is there merit in Ruotolo's contention that it was an abuse of discretion, *see, e.g., United States v. Gallego*, 191 F.3d 156, 161 (2d Cir.1999), *cert. denied*, 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000), for the district court to deny his motion pursuant to Fed.R.Crim.P. 33 for a new trial. Such relief is justified only if the newly proffered evidence (a) could not have been discovered through the exercise of due diligence before or during trial, and (b) is so material that its admission would probably lead to an acquittal. *See, e.g., United States v. Gallego*, 191 F.3d at 161. We are unpersuaded that the psychiatric testimony proffered by Ruotolo after trial could not have been developed in time for its presentation at trial. Nor do we think there is any likelihood that that evidence, which was aired at a posttrial evidentiary hearing, would result in an acquittal.

We have considered all of Ruotolo's contentions on this appeal, including those advanced in papers filed by Ruotolo *pro se* and treated as a brief, and have found them to be without merit. The judgment of the district court is affirmed. The mandate shall issue forthwith.